```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF PUERTO RICO
```

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

KOURI-PEREZ, et al.,

    Defendants.

Criminal No. 97-091 (JAF)

## **MEMORANDUM DISPOSITION AND ORDER**

    Judges, as ordinary human beings, have feelings of love and friendship with members of the community – some happen to be childhood friends, others professional acquaintances, neighbors, colleagues, and fellow employees.

    Observers of the judicial process sometimes do not realize how hard and difficult it is to pass judgment upon the professional performance of a lawyer, especially when all these social ties inherent to a small community like ours exercise expected influences.

    The case of Joaquín Monserrate-Matienzo is one of those instances, and the circumstances of his appearance in this case remind the court of what we are trying to convey through these words and paragraphs.

    The court never had doubts about the good character and professional responsibility of Mr. Monserrate. As a matter of fact, we were puzzled when we saw that not only him, but Francisco Rebollo

Criminal No. 97-091 (JAF)                                              2-

and Yolanda Collazo as well, had joined the infamous motion which gave rise to the sanctions.

   The court was from the first moment convinced that the filing of the motion obeyed to the peer pressures of a shared representation and of a joint defense agreement.  Once the motion was filed, it turned out to be very difficult, if not impossible, to point fingers at the instigators and culprits of the objectable action without affecting the represented defendants or the joint representation.

   The rest is history.  A hearing was held and sanctions were painfully imposed.  The monetary sanction was apparently paid by those who appeared to bear the primary responsibility. The admonition and censure was evenhandedly distributed.

   Time has passed, and the waters receded to normal levels. Justice was done and the rule of law prevailed.  In the process, the reputation of Mr. Monserrate, along with that of the other attorneys involved, suffered the effects of the censure.  These days, however, we are confronted with Mr. Monserrate's reflections, admissions, and apologies.  It is only proper, therefore, to lift the censure and publicly recognize our continued respect and admiration for Mr. Monserrate as a legal professional.

   As human beings, we all commit mistakes.  The one considered here has been fully redressed.  We recognize Mr. Monserrate for what he is – a respectful, tolerant, and courteous professional of the law.

Criminal No. 97-091 (JAF)                                                3-

The motion for reconsideration of sanctions, Docket Document No. 1670, is **GRANTED.** The written sanctions and censure imposed upon Mr. Monserrate-Matienzo on May 21, 1998, are **SET ASIDE AND VACATED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 20th day of September, 2005.

                                          S/José Antonio Fusté
                                          JOSE ANTONIO FUSTE
                                          U. S. District Judge